

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-22-2008

# Lawrence Zimmer v. Secretary Michael Ch

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1590

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lawrence Zimmer v. Secretary Michael Ch" (2008). *2008 Decisions.* Paper 337.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/337

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-288                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1590
_____

LAWRENCE ZIMMER,
                                        Appellant

v.

SECRETARY OF DEPARTMENT OF HOMELAND SECURITY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-CV-01836)
District Judge:  Honorable Thomas I. Vanaskie

_____

Submitted for Possible  Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 11, 2008
Before: AMBRO, FUENTES and JORDAN, <u>Circuit</u> <u>Judges</u>

Opinion filed: October 22, 2008
_____

OPINION
_____

PER CURIAM

Lawrence Zimmer appeals from an order of the United States District Court for the

Middle District of Pennsylvania, which dismissed his employment discrimination

1

complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). We will affirm the District Court's order.

Zimmer filed a complaint on October 9, 2007 against Secretary Michael Chertoff, alleging that he was discriminated against on the basis of race, age and reprisal when he was terminated from the position of Transportation Security Screener on January 12, 2005. The complaint asked for damages, but did not give any more information regarding Zimmer's claims. The District Court entered an order dismissing Zimmer's complaint without prejudice to his filing an amended complaint within 20 days. The Court noted that the complaint lacked "sufficient allegations to determine whether he has stated a claim on which relief may be granted against Secretary Chertoff or the Department of Homeland Security," and noted that there were "no allegations regarding the circumstances of his termination to support even an inference of discrimination." The Court ordered that any amended complaint "shall specify the facts on which his claim of unlawful employment discrimination is based," and warned that failure to file such a complaint would result in dismissal of the complaint.

Zimmer filed an amended complaint within the time period specified, but the District Court found that the amended complaint did not sufficiently include the factual basis of his claims. The amended complaint stated that he had been "abruptly terminated from his position of Security Screener without prior warning," and that he had been retaliated against for claiming discrimination in writing and verbally to the Agency. The

2

amended complaint stated that Zimmer had a black supervisor named Nathaniel Johnson, who had acknowledged that Zimmer felt he was being discriminated against because he was white, and stated that "the three supervisors bringing disciplinary actions against plaintiff are Black." He also refers to some "letters from the Black supervisors" that he alleges contained "defamation, retaliation and lies" against him. Zimmer then attached over 450 pages of documents from administrative proceedings, and urged the District Court Judge to review them.

We exercise plenary review over a district court's decision to dismiss a complaint sua sponte for failure to state a claim. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). In considering whether a district court properly dismissed a complaint, we are required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008), quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002). We are guided by the Supreme Court's recent opinion in Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1969 n. 8 (2007). The Court noted that "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips, 515 F.3d at 234, (quoting Twombly, 127 S. Ct. at 1965). Stated differently, the "[f]actual allegations [of the complaint] must be enough to raise a right to relief above the speculative level." Id. See also Wilkerson v.

3

New Media Technology Charter School, Inc., 522 F.3d 315, 321 (3d Cir. 2008) (allegations of the complaint must plausibly suggest that complainant is entitled to relief).

Although Zimmer's complaint states that he is white, that one or more of his supervisors was black, and that he was "abruptly terminated," the complaint does not contain factual matter that would plausibly suggest that he was terminated on the basis of his race[1] or as retaliation for protected activity. We agree with the District Court that Zimmer's complaint failed to state a claim upon which relief may be granted, and we do not fault the District Court for failing to wade through the over 450 pages of attachments to attempt to discern Zimmer's claims. We will therefore affirm the judgment of the District Court.[2]

---

[1] Although Zimmer's initial complaint also mentioned discrimination on the basis of age, the amended complaint does not contain any allegation relating to age.

[2] Zimmer's motion for appointment of counsel is denied as moot.